**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4688**

———————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

CALVIN LEVAR DIXON, a/k/a Booga, a/k/a Calvin Dion,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, Senior District Judge. (2:10-cr-00277-PMD-4)

———————

Submitted: June 11, 2014        Decided: June 24, 2014

———————

Before DIAZ and WYNN, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Bradley M. Kirkland, BRADLEY M. KIRKLAND, LLC, Columbia, South Carolina, for Appellant. Sean Kittrell, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Calvin Levar Dixon pleaded guilty, pursuant to a written plea agreement, to one count of conspiracy to possess with intent to distribute 280 grams or more of crack cocaine, 500 grams or more of cocaine, 1000 grams or more of heroin, a quantity of marijuana, as well as maintaining a place for distribution, three counts of possession with intent to distribute heroin, one count of possession with intent to distribute crack cocaine, and one count of unlawful possession of a firearm by a convicted felon. He received a 264-month sentence of imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), finding no meritorious grounds for appeal but questioning whether Dixon's guilty plea was knowing and voluntary and whether the district court imposed a reasonable sentence. Dixon filed a pro se supplemental brief raising ineffective assistance of counsel related to the guilty plea hearing. The Government declined to file a brief or raise the appeal waiver. Finding no error, we affirm.

Prior to accepting a plea, a trial court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant comprehends, the nature of the charge to which he is pleading guilty, any mandatory minimum penalty, the maximum possible penalty he faces, and the rights

2

he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Additionally, the district court must ensure that the defendant's plea was supported by an independent factual basis, was voluntary, and did not result from force or threats. Fed. R. Crim. P. 11(b)(2)-(3); DeFusco, 949 F.2d at 119-20. Because Dixon did not seek to withdraw his guilty plea or otherwise preserve any allegation of Rule 11 error, this court reviews his plea colloquy for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002); see Henderson v. United States, 133 S. Ct. 1121, 1126 (2013) (discussing plain error standard). Our review of the record indicates that the district court substantially complied with Rule 11 in accepting Dixon's plea. Accordingly, we conclude that Dixon's plea was knowing and voluntary and was supported by an adequate factual basis, and, consequently, that the plea was final and binding. See United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). The court first reviews for significant procedural error, and if the sentence is free from such error, it then considers substantive reasonableness. Id. at 51. Procedural error includes improperly calculating the Sentencing Guidelines range, treating the Guidelines range as mandatory,

failing to consider the 18 U.S.C. § 3553(a) (2012) factors, and failing to explain adequately the selected sentence. Id. The district court must make an "individualized assessment" by applying the relevant § 3553(a) factors to the case's specific circumstances. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). The individualized assessment need not be elaborate or lengthy, but it must be adequate to allow meaningful appellate review. Id. at 330. Substantive reasonableness is determined by considering the totality of the circumstances, and if the sentence is within the properly-calculated Guidelines range, we apply a presumption of reasonableness. United States v. Strieper, 666 F.3d 288, 295 (4th Cir. 2012).

In imposing Dixon's sentence, the district court correctly calculated the Guidelines range, did not abuse its discretion in granting a variance for a 1:1 ratio of powder to crack cocaine, and specifically considered the advisory nature of the Guidelines, the § 3553(a) factors, and Dixon's individual circumstances. Accordingly, we conclude that Dixon's 264-month sentence is both procedurally and substantively reasonable.

In accordance with Anders, we have reviewed the record, including Dixon's pro se claim of ineffective assistance of counsel, and have found no meritorious issues for appeal. We therefore affirm Dixon's conviction and sentence. This court requires that counsel inform Dixon, in writing, of the right to

4

petition the Supreme Court of the United States for further review.  If Dixon requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Dixon.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED